IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN, DIVISION

**FILED**

MAR 17 2023

CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Delbert Glenn Rogers, Pro-Se #02634254

Plaintiff,

v.

**Governor Greg Abbott**, et al

In their Official Capacities

Defendants.

**Civil Action Complaint**

**Cause No. 1: 23-CV-00234-LY-ML**

---

### PLAINTIFF FILE HIS MOTION FOR CIVIL ACTION COMPLAINT

---

**To**: Honorable said Court of the United States Magistrate Judge Justice said court:

### I. JURISDICTION AND VENUE

This is a Civil Action authorized by 42 U. S. C. Section 1983, to redress the deprivation, under Color of State Law, of the Rights secured by Constitution of Laws, of the United states. The court has Jurisdiction under 28 U. S. C. Section 1331 and 1343 (a) (3).

The Northern District of Texas, of Lubbock, County is an appropriate venue under 28 U. S. C. Section 1331 and 1343 (A) (3). Because it is where the events giving rise to this claimant occurred. At the Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339.

### II. AFFIDAVIT

**(1).** Plaintiff, allegation states his claimant a cause for action Civil Action [d]emand, seeking action against these defendant's acts and their personal involvement: The Ninth Circuit has held that when a government employee "invoks[s] the power of **[his or her]** office to engagement, intentionally accomplish the offensive acts "clearly relates to the performance of official duties," and the employee acted under [c]olor of state law, for the purposes of a § 1983 action. McDade v. West, 223 F. 3d 1135, 1140 (9ᵗʰ Cir. 2000); Governor Greg Abbott, Office of the Governor P. O. Box 12428 Austin, Texas 78711-2428. Head Texas Civil Commitment Center, Administrative Mr.

Wayne Smoker; Mr. James Powell; Mr. James Winckler; Mr. Zachary Saldivar; Mr. Stetson Fisher; Ms. Adrain Sanchez; Ms. Annabelle Viurquez; Ms. Krista Lopez, and Ms. Tiffany Graves, acts within their norms of Official Capacities, committed criminal acts of [a]ggravated assault demands" with "[c]hemical riot agent gas" assistance with Mr. James Powell and Mr. James Winckler, acts used at B-1-Dorm by deprivation over and above the compensatory damages awarded, punitive sums were also assessed. **{1987 U.S. App. LEXIS 65}** It is beyond debate that "punitive damages are an appropriate means, of punishing [civil rights violations] and deterring defendants from future [such conduct]."On B-1-Dorm with "no" windows on this unit; and or air conditions vents over **30**, [m]inutes after all side said and done wasn't active as a chronic care patient, was forced to stay in a cell behind steel doors. Plaintiff, Rogers, is asking for "punitive relief damages, and compensatory relief damages, against these officials working under Management Training Corporation, 1305 South Main, Suite #101 Henderson, Texas 75654, **actually participated into action** under color of state law.

**(2).** Plaintiff, Rogers, states a cause for action demand claimant which seeks relief may be granted once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be considered for all purpose [Delgado v. State, 235 S. W. 3d 244, 251 (Tex. Crim. App. 2007); Grubbs v. State, 440 S. W. 3d 130, 137 (Tex. App.-Houston [14th Dist. 2013), pet. Ref'd.)] named –against Defendants; Governor Greg Abbott, acts of control; Mr. Wayne Smoker; Mr. James Powell; Mr. James Winckler; Mr. Stetson Fisher; Ms. Adrain Sanchez; Ms. Annabelle Viurquez; Ms. Krista Lopez; Ms. Tiffany Graves, acts in their Official Capacities, acts of deprive under Color of State Law, by violation of **"Obstruct assaults"** with the "[I]ntent of violation "[H]ealth and Safety Codes 841." 42 U. S. C. S. § 1983, Deprivation of Unhealthy conditions of criminal acts "Chemical agents riot gas Liquids Intentional within a closed off [e]nvironment" with the intent without any windows within the building, at all on date: **10-6-2022**, at **10: 35am.** As the Administration was with the intent to [o]bstruct intentionally within intent personal involvement, [o]bjective to use force by obstruct punitive demand of "[**a]ggravated assault** force up-on, contact of chemical agents [r]iot spray that wasn't [f]oam by [P]olicy," within to violated "Health and Safety" Code 841. That wasn't any attempted within Policy; and or therapeutic treatment on date: **10-6-2022,** of B-1-Dorm, that had us all Locked behind a steel door [c]aged up-in like animals due to punitive condition suffering involvement negligence harms as a [c]hronic care patients, that are already in need deprive with medical needs decisions so egregiously bad of sound medical judgment. West v. Atkins, 487 U. S. 42, 48 (1988). Violation **under** 42 U. S. C. S. § 1983, of violation of Due Process Clause of the Fourteenth Amendment, Plaintiff, Rogers, seeks claimant under; see, Auction v. City of Clarksville, 244 F Ed App'x 639, 650-51 (6th Cir. 2007) (citing Morgan, 536 U. S. at 113, 117); by abusive tactic of hostile work environment with the intent at all cause to harm and joked about it as enjoyment.

**(3).** Plaintiff, allegation states his claimant a cause for action Civil Action [d]emand seeks [C]ompensatory relief damages, [P]unitive relief damages, against [D]efendants acts of personal involvement under color of state law, to deprive and committed negligence that have been by each [p]erson, acting that are within intent negligent suffering sufficient harms within threats under Color of State of Law: Governor Greg Abbott; Mr. Wayne Smoker;

Mr. James Powell; Mr. James Winckler; Mr. Stetson Fisher; Ms. Adrain Sanchez; Ms. Annabelle Viurquez; Ms. Krista Lopez; and Ms. Tiffany Graves, each and their Officials Capacities, act of conduction that violated regulation and laws, State and Federal rules by deprive "[H]ealth and Safety" evidence and may be considered for all purpose (Delgado v. State, 235 S. W. ed. 244, 251 (Tex. Crim. App. 2007); Grubbs v. State, 440 S. W. 3d 130, 137 (Tex. App. – Houston [14th. Dist.] 2013, pet. Ref'd.)]. (1) The executive and Public –Health orders are Unconstitutional Vague; and (2) The Public-Health orders violate Due Process Rights, and Texas Administrative –Procedure Act. Against client residents. Plaintiff, Delbert Glenn Rogers, is confined pursuant to an order of Civil Commitment; therefore, he is not considered a "[p]rison" within the means of 28 U. S. C. § 1915 (H), and is not subject to the screening procedures of 28 U. S. C. § 1915 A. See Bohannan v. Doe, 527 F. App'x 283, 289-90 (5th Cir. 2013) (per curiam) (concluding that a Civilly Committed [S.V.P.] was not a "prisoner" within the meaning of Prison Litigation Reform Act); Michau v. Charleston Cnty., 434 F. 3d 725, 727 (4th Cir. 2006) same); Allen v. Sieler, No. 4: 12-CV-Y, 2013 W. L. 357514, at *1 n. 1 (N. D. Tex) aff'd 535 F. App'x 423, 423 (5th Cir. 2013 (per curiam) (citing Jackson v. Johnson, 475 F. 3d 261, 266 (5th Cir. 2007)) same).

**(4).** Plaintiff allegation states his claimant a cause for action Civil Action demand, seeks acts against defendants "under color of state law," West v. Atkin, 487 U. S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); against all defendants herein of their Official Capacities, norms of acts deprive acts personal involvement of sufficient intent negligent knowingly to make one suffer of their intending because it is where the events giving rise to this "[c]laimant occurred" objective. Hear at the Texas civil commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339. Hostiles work environment punitive staff administrative and staff officers, [o]bjectively continue to work against any means within a [n]one "therapeutic treatment program" that is corrupted. Hostiles living area where he is being force to live with another resident of prison like forms of gay, men that most are very sick and a small cell that the Plaintiff, Rogers, have been force to sleep and live in fear [o]bjective on a hard steel bunk bed of an unbidden, forma mattress that may have cause harms on the Plaintiff, Rogers, more back problem, of unsafety room conditions other than living with other gay men by force and or sick with aids or hiv or other of unconditional room treatment. See, under Wood v. Strickland, 420 U. S. 308, 322 (1975). The subjective component refers to permissible intentionally. Ibid. Characteristically the court has defined these "[elements by identifying the circumstance in which Qualified Immunity, would not be available." Referring both to the **"objective and subjective elements,"** we have known, that [Q]ualified Immunity would be defeated if an Official **"knew** or **reasonability,** would violation the Constitutional Rights, or she took within his sphere of Official responsibility, would violation the Constitutional Rights of the Plaintiff, Delbert G. Rogers, or If he took the action with the malicious intentionally injury...." Ibid. By the denial of Medical Assistance.

**(5).** Plaintiff, allegation states his claimant a cause for action Civil Action [d]emand seeking Due Process, compensatory relief and punitive relief damages, against all defendant's subjective namely Governor Greg Abbott; Wayne Smoker; James Powell; James Winckler; Zachary Saldivar; Stetson Fisher; Adrain Sanchez; Annabelle

Viurquez; Krista Lopez; Tiffany Graves, acts of abusive negligence and their [n]orm of Official Capacities, acts for the negligence of suffering and sufficient grossly abusive tactic acts of hate conditions that harms continue punitive tactic on their face "under color of state law." The Eighth Amendment, which forbids Cruel and Unusual punishment, governs the treatment of conviction person; and or the ones that was convicted and still being punish. To win an Eighth Amendment, Plaintiff, Delbert Rogers, has to establish both an objective and subjective component, the state of mind of the Official who are responsibility for them and harmed them knowingly under color of state law, the cause to bring civil action of acts violation under "[4]2 U. S. C. S. § 1983," to redress deprive under color of state law, of the "[C]ivil Rights. 42 U. S. C. § 1983, and of Human Rights," the court has Jurisdiction under 28 U. S. C. Section 1331 and 1343 (A) (3); Deprivation of Constitutional Rights, as a Citizen of the United States, of Life, Liberty, and Property to be corruption and be re-punish of punitive violation, Decius v. Dunlap, 330 F. 3d 919, 929 (7th Cir. 2003). **§ 249**. Hate Crime Acts Title 18 Crime and Criminal Procedure part 1. Crime Chapter 13. Civil Rights § 249. Hate Crime act. **(3)** Offenses occurring in the special maritime or territorial jurisdiction of the United States. Whoever, within the special maritime or territorial jurisdiction of the United States, engages in conduct described in paragraph (1) or in paragraph (2)(A) (without regard to whether that conduct occurred in a circumstance described in paragraph (2) (B)) shall be subject to the same penalties as prescribed in those paragraphs.

**(6).** Plaintiff, allegation states his claimant a cause for action Civil Action [d]emand against the date: **10-6-2022**, Defendants action committed under color of state law, in this claimant of violation 42 U. S. C. S. § 1983, Deprive of Federal and State Constitutional Rights, of Laws, of the United States. William v. Kaufman County, 352 F. 3d 994, 105 (5th Cir. 2003) (Just as Nominal Damages are allowed without proof of injury, a punitive award may stand in the absence of actual damages, where there has been a Constitutional violation." Accord, Walker v. Bain, 257 F. 3d 660, 674 (6th Cir. 2001); Robinson v. Cattaraugus County, 147 F. 3d. 153, 161 (2d Cir. 1998). See-McGuckin, 976 F. 2d 1059; (1) **directly participated in the infraction;** (2) **failed to remedy the wrong after learning of the violation;** (3) **created a policy** or **custom under which unconstitutional practice occurred,** or **allowed such a policy or custom to continue**; (4) **was grossly negligent in managing subordinates who caused the unlawful condition** or event; **or** (5) **exhibited gross negligence** or "[d]eliberate indifference" to serious under the Constitutional Rights of the Plaintiff, Rogers, by having actual or **constructive notice of the Unconstitutional practice and failure to act."** Kregler, 821 F. Supp. 2d at 655-56 (citing Colon v. Coughlin, 58 F. 3d 865, 873 (2d Cir. 1995); Wright, 21 F. 3d at 501).

**(7).** Plaintiff, allegation states his claimant a cause for action, Civil Action demand seeks again that the Administration [M.T.C.] with the intent to cause harm, is a tactic of punitive means of to still be treated still treated as a prisoner like forms of the state punitive acts due to **"[O]bstruction of Justice,"** deprive violation against Due Process of the fourteenth  Amendment, actual a none-therapeutic treatment program **365, days a year** of Civil Confined is what separate commitment from **"[p]unishment and incarceration.""** By violation without adequate

4

treatment six hours a week [d]esigned to effectuate ultimate release, a civil commitment program that is nothing more than a "[d]e- facto [p]rison, disguised as a mental health facility," still being ran by the help and action of [T. D. C. J.] program of; or by acts of the "[T]exas Department of Criminal Justice," [D]eprive of Constitutional Rights, **under Civil Rights Law > Section 1983 Actions > Scope 42 U.S.C.S. § 1983**, Deprivation under due process that provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress. Deprive acts of abusive scams to make money, and [e]rrors of the courts by [p]unitive [d]emands and negligent of likely hood to continue time "suffering under sufficient," harms of another human creating of force policy of [o]bjective continue intent [i]mprisonment punitive. The Constitution clearly dictates that a "[c]ivil detainee cannot simply be warehouse [o]bjective," and put out of sight by using mental [i]llness tactic and can't come up with any tape of against any client resident to be force by an **"unjust cause of so call treatment,"** they are not prisoners and must be afforded adequate treatment. Specifically, are designed to punish. **Youngberg, 457 U. S. at 322; see also Allen v. Illinois, 478 U. S. 364, 370 (1986) ("In short, the State has disavowed any interest in punishment, provide for the treatment of those it commits, and established a system under which committed persons may be released after the briefest time in [c]onfinement.")** The court has [e]rrors with and of intent to re-imprisonment the Plaintiff, Rogers, by commit compromise which treated each person, as a slave of purposes objective cult like population grew house a diminish created policy, governing the institution of re-slavery without ever mentioning the word. By participate and a "[c]ult life styles of punitive [c]ompound to be as a **"[B]ill attainder,"** is a law **"[d]eclaring an act illegal" as an ex-post facto law**, is a **"law"** that is passed after the **"[f]act there making previously legal activity illegal** and subject to **current penalty."** The "[T]exas Civil Commitment Office, operates under false contrary to be these important principles and "[b]eing ignored of criminal activity due to continually [p]unitive challenges continue. Under 42 U. S. C. S § 1983, violation of Due Process Clause of the Fourteenth Amendment, deprive under this Constitution, and the Laws of the United States, which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under Authority of the United States, shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the in the Constitution or Laws of any State to the Contrary notwithstanding are being ignored.

**(8).** Plaintiff, allegation states his claimant a cause for action Civil Action [d]emand seeks under this Clause 2 make "this Constitution" and all laws made under its authority the "Supreme Law of the Land," creating what Constitutional Scholars call the "supreme clause." The "Supreme Court has invoked the supremacy clause on several [o]ccasions to [r]ebut challenges mounted by states," to its decisions or acts of Congress. Among the more notable decisions by the Supreme Court that have cited the supremacy clause is **Cooper v. Aaron (1958).**

Title 42. The Public Health and Welfare. Chapter 21. Civil Rights. Generally, § 1981. Equal Rights Under the Law§ 1981. Equal rights under the law (a) Statement of equal rights.  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined.  For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment.  The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law. History HISTORY:  **R. S. § 1977; Nov. 21, 1991, P. L. 102-166, Title I, § 101, 105 Stat. 1071.**

(9). Plaintiff, allegation states his claimant a cause for action, Civil Action [d]emand seeks against the cause that was being [i]gnored by the Honorable court [e]rrors in **"[L]ack of Subject Matter Jurisdiction Cause No. SC-22-0034-J P 3,"** on Filed date: **12-20-2022**, for the District Court, by Justice of the Peace, Precinct 100 6th Drive, Room 108 Lamb County Courthouse Littlefield, Texas 79339. Plaintiff, allegation claimant seeks to see Auction V. City of Clarksville, 244 F. Ed App'x 639, 650-51 (6th Cir. 2007) (citing Moran, 536 U. S. at 113,117). They may still be admissible as background evidence to support the **"[H]ostile Work Environment"** claimant and abusive cover-up's of **"[c]hemical riot spray,"** of [a]ggravated assault at this agency to weigh heavily on the mind; worry. To keep down by the cruel **or** unjust use of authority. **Civil Rights 12.5; States § 88-Liability of Local Governments-Eleventh Amendment "under Color of State Law."** With regard to local government units which are not considered part of the state for Eleventh Amendment purpose, the Eleventh Amendment, is not a bar to Liability under 42 U. S. C. S. § 1983, which impose Civil Liability on any person who is deprives another of his Federally protected rights by punitive.

(10). Plaintiff allegation states his claimant a cause for action Civil Action [d]emand seeking against the acts and action under this is to certify that a true act that are being taken under {Color of State Law,} violation under Civil Action 42 U. S. C. S. § 1983, Deprive of Human, life, liberty, property, on another date: **10-11-2022, Plaintiff, legal-mail was taken out of the mailbox as intent to "Obstruction of Justice,"** filing for their own personal involvements of enjoyment use, deprive violation of Plaintiff, Rogers,  court filing to be stopped and **destroyed** without notice why by not knowing that there was correct copies, of the forgoing [i]nstrument have been forward to the United States District Court, Office of the clerk, for the Northern district of Texas, 1205 Texas Ave., Room #209 Lubbock, Texas 79401. That the Plaintiff, was denied to place his complaint-petition into the small claim court, at the Northern District, of Lamb County, of Littlefield, Texas 79339; errors of the court claimant lacking of

6

Jurisdiction which is and the Northern District, Texas 79339, that is next door to the Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339, as is into Jurisdiction of the Northern District of Texas. See **"[e]xhibits** of document of the Plaintiff, and the Court," of Lamb County. United States District court of the Second Circuit, **549 F. Supp. 2 d 308...United States v. Polizzi, April 1, 2008.**

**(A).** Constitutionality of Statute.

**(B).** Unconstitutional Denial of Jury's Broad Power of refuse conviction.

**(11).** Plaintiff, allegation states his claimant a cause for action, Civil Action [d]emand seeking requesting that against the defendants of their personal involvements, under color of state law, within their Official Capacities, acts violation 42 U. S. C. S. § 1983, Deprive of Constitutional Rights, by objective City and County Government can only be held Liable under § 1983, for their Policies, or for actions taken pursuant to their Policies. The used of punitive tactic against the Plaintiff, Rogers, was force into a cell behind a steel door with [no] air or windows suffering sufficient harms and abusive [h]umiliation influence against a client resident. The Defendants should pay for their acts of Official Capacities, acts violation under 42 U. S. C. S. § 1983, violation of Due Process of the Fourteenth Amendment, personal involvement of reckless attitude toward rights in question due to this settlement of sum **$ 150.000, Dollars** in sum of relief compensatory damages, and punitive damages, by the denial of medical treatment after to right the wrongs of objective "[c]hemical riot agent" acts of criminal activity of this complaint, at the Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339. Due Process Clause of the United State Constitution requires that the nature and duration of the confinement bear some reasonable relation to confinement's non-punitive civil purpose. Thus, the State must ensure that it civilly confines individual only so long as they are both mentally ill and dangerous to the public. Confinement beyond that point or confinement which imposes restrictions that are so excessive as to indicate the purpose is punitive rather than rehabilitative in nature is unconstitutional.

**(12).** Plaintiff, allegation states his claimant a cause for action, Civil Action [d]emand seeking a judgment declaring that it was liable to indemnify the trustees with respect, to a civil action filed by complaint the lower court [e]rrors and statement say it didn't have jurisdiction in the Northern District of Texas, direction that it vacates its order at the "(Petition Small Claims Court) Justice of the Peace, Precinct 3. 100 6th, Room #108 Lamb County Courthouse Littlefield, Texas 79339; within their norm [e]rrors of court Denial of Jurisdiction, that's and the Northern District of Texas area. That is right next door of the Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339.  Because it is where the events giving rise to this claimant occurred. If the Plaintiff, was to go to the lower court **FOR** the settlement sum **33% that** would of only be **$1,500**, as a relief that was taken from checks of "American Rescue Plan Emergency Economic Relief, from the [I.R.S.]" that [M.T.C.] is claiming that the checks are income. Plaintiff, is asking for the money back within compensatory relief damages, and punitive relief damages by [p]etitioner small claims, that was [e]rror of the court Lamb County, Littlefield, Texas 79339; that was violation of

the Plaintiff, Rogers, Constitutional Rights, under color of state law, by deprive under 42 U. S. C. § 1983, Deprivation of property life, liberty, by filing and court within their Official Capacities, acts of [M. T. C.] extortion and **ACTS DUE PROCESS TO COURT ERROR** of **Jurisdiction,** that is in the Northern District of Texas 79339; violation under color of state law. West v. Atkins, 487 U. S. S. Ct. 2250, 101 L. Ed. 2d 40 (1988). We note that there is strong Policy argument, against permitting the entry of joint and several liabilities on punitive damages") Rodick v. City of Schenectady, 1 F. 3d 1341, 1349 (2d Cir. 1993); McFadden v. Sanchez, 710, F. 2d 907, 914 (2d Cir. 1983). Monell v. Dep't of Social Service, 436 U. S. 658, 690-91, 98 S. Ct. 2018 (1978).

**(13).** Plaintiff, allegation states his claimant a cause for action Civil Action [d]emand seeks under the 42 U. S. C. S. § 1983, Civil Action, against defendant's in their Official Capacities, acts the Doctrine of Due Process of Law before the "(Civil War," 24. Harv. L. Rev. 366, 368 (1911), was "intended to secure the individual from the Arbitrary exercise of the Powers of government," see, also Wolf v. McDonnell, 418 U. S. 539, 558 (1974) ("The touchstone of Due Process is protection of the individual against arbitrary action of government, Dent. v. West Virginia, 129 U. S. 114, 123 (1889)"); Parratt, supra, at 549 (POWELL, J., concurring in result). By requiring the government to follow appropriate procedures when its agents decide to "deprive any persons of Life, Liberty, or Property," the Due Process Clause promotes fairness in such decision. But was ignored "under color of state law," by the defendant's action of deprivation. And by barring certain government actions regardless of the fairness of the procedures used to implement them, e. g., Rochin, supra, it serves to prevent governmental power from being "used for purpose of oppression," Murray's Lessee v. Hoboken Land & Improvement Co., 18 How. 272, 277 (1856) (discussing Due Process Clause of the Fifth Amendment).

**(14).** Plaintiff, allegation states his claimant a cause for action Civil Action [d]emand seeks compensatory relief damages, punitive relief damages, of the Deprive rights that have been violated under color of state law, by each defendants acts on page [o]ne of this document complaint against of the Plaintiff, Delbert G. Rogers, the court have provided a forum for the protection of the rights of a person, in the custody of the State to Procedural Due process. **§ 2112.** Record on review and enforcement of agency orders (a) The rules prescribed under the authority of section **2072** of this title **[28 USCS § 2072]** may provide for the time and manner, of filing and the contents of the record in all proceedings instituted in the courts of appeals to enjoin, set aside, suspend, modify, or otherwise review or enforce orders of administrative agencies, boards, commissions, and officers. Such rules may authorize the agency, board, commission, or officer to file in the court a certified list of the materials comprising the record and retain, and hold for the court all such materials and transmit the same or any part thereof to the court, when and as required by it, at any time prior to the final determination of the proceeding, and such filing of such [c]ertified list of the materials comprising the record and such subsequent transmittal, of any such materials when and as required shall be deemed full compliance with [a]ny provision of law, requiring the [f]iling of the record in the court. The record in such proceedings shall be certified and filed in or held for and transmitted to the court of appeals by the agency, board, commission, or officer concerned within the time and in the manner prescribed by

such rules. If proceedings are instituted in two or more courts of appeals with respect to the same order, **the following shall apply:**

(3) If an agency, board, commission, or officer receives two or more petitions for review of an order in accordance with the first sentence of paragraph (1) of this subsection, the agency, board, commission, or officer shall, promptly after the expiration of the ten-day period specified in that sentence, so notify the judicial panel on multidistrict litigation authorized by section **1407** of this **title [28 USCS § 1407],** in such form as that panel shall prescribe. The judicial panel on multidistrict litigation shall, by means of random selection, designate one court of appeals, from among the courts of appeals in which petitions for review have been filed and received within the ten-day period specified in the first sentence of paragraph (1), in which the record is to be filed, and shall issue an order consolidating the petitions for review in that court of appeals. The judicial panel on multidistrict litigation shall, after providing notice to the public and an opportunity for the submission of comments, prescribe rules with respect to the consolidation of proceedings under this paragraph. The agency, board, commission, or officer concerned shall file the record in the court of appeals designated pursuant to this paragraph.

**(15).** Plaintiffs' allegation states his claimant a cause for action, Civil Action demand seeks to the violation of each defendant acts named: Governor Greg Abbott; Mr. Wayne Smoker; Mr. Stetson Fisher; Mr. James Powell; Mr. Zachary Saldivar; Ms. Adrain Sanchez; Ms. Annabelle Viurquez; Ms. Krista Lopez; Ms. Tiffany Graves, acts within their norms of Official Capacities, of personal involvements due to Criminal Activities under (claimant which relief may be granted)" once evidence has been admitted without a limiting instruction, it is part of the General evidence and may be considered for all purpose (Delgado v. state, 235 S. W. 3d. 244, 251 (Tex. Crim. App. 2007); Grubbs v. State, 440 S. W. 3d 130, 137 (TEX. App. –Houston [14th Dist. ] 2013, pet. Ref'd.)]. Due Process proceed on [u]nconstitutional custom and failure to train theories. Id. By continue violation of Constitutional Rights, that have been reported on court documents of the suffering that are sufficient negligence of harms under [M.T.C.] that continue to happen are coming out in deaths that are continue to be looked over of this agency.

**Civil Rights § 12.5 –Liability for Violation-Local governing bodies action "under color of state law.** Although the touchstone of an action against a government body under 42 U. S. C. S. § 1983, which imposes Civil liability on any person who deprives another of his Federally protected rights- is an allegation that official policy is responsible for a deprivation of rights protected by the Constitutional Laws of the United States, Local government, like every other § 1983 "person," maybe sued for Constitutional deprivation visited pursuant to governmental "custom" even though such a custom has not received formal approval though the body's official decision making channels.

## CONCLUSION

**(16).** Plaintiff, allegation claimant states a cause for action Civil Action under the 42 U. S. C. S. § 1983, Deprive of Civil Action Complaint, against each Defendant's named: Governor Greg Abbott ;Wayne Smoker; James Powell; Zachary Saldivar; Stetson Fisher; Adrain Sanchez; Annabelle Viurquez Krista Lopez, and Tiffany Graves, acts within

their norms of Official Capacities, of personal involvement by deprive acts violation under 42 U. S. C. S. § 1983, Denial Due Process, the rights of (or) system developed to safeguard men from dubious and [u]njust judgments, within resulting forfeitures each one of these defendant denied, Life, Liberty, and Property, **see Davis v. United States, supra, at 488, 40 L. Ed. At 506,** states that the requirement is implicit in constitutions pertaining to Civil Law, remain firmly established which recognizes the fundamental principles that are deemed essential, for the protection of Life and liberty. Due Process requires strict adherence neither to compulsory process, as no state shall make nor enforce laws that are repugnant nor in contravention of the law. Defendants' actions were "{d}esigned to oppress, punish, and to retaliate, all within suffering of sufficient to harms within conduct by [M. T. C.]; Administration was acting within [p]unitive grossly [n]egligence sufficient, without [l]egal authority by objective with the intent of personal involvement and abused against Plaintiff, Rogers, with **"aggravated assaulting"** of chemical riot spray of agent gas behind closed doors, by "[f]orce suffering abusive negligence and willingly knowingly that they had all **"Chronic Care Patient's"** force to stay and our rooms of a 60, man dorm that's all of **B-1-Dorm,** and joked about what they've done after the factor. Threats of abusive acts by deprive and denied of 42 U. S. C. S. § 1983, Due Process Rights and Constitutional Rights, of Laws of the United States, as a citizen due to [e]rrors of the court of the as of   a none prisoner of Northern District of Texas, of Dallas, Division, to be treated with punitive demands.

**(17).** Plaintiff allegation claimant states a cause for action, Civil Action demand seeks under 42 U. S. C. S. § 1983, deprive abusive negligence seeks against the defendants: Governor Greg Abbott; Wayne Smoker; James Powell; Zachary Saldivar; Stetson Fisher; Adrain Sanchez; Annabelle Viurquez; Krista Lopez; Tiffany Graves, acts within their norms of Official Capacities, acts of an abusive tactic as punitive under 42 U. S. C. S. § 1983, Deprive of federal and State Constitutional Rights, of Laws of the United States. Williams v. Kaufman County, 352 F. 3d. 994, 105 (5th Cir. 2003) ("Just as Nominal Damages are allowed without proof of injury, 'A punitive award may stand in the absence of actual damages, where there has been a Constitutional Violation."); accord, Walker v. Bain, 257 F. 3d. 660, 674 (6th Cir. 2001); Robinson v. Cattaraugus County, 147 F. 3d 153, 161 (2d Cir. 1998).

**(18).** Plaintiff, allegation claimant states a cause for action demand that Qualified Immunity is not available to shield public officials from a lawsuit and liability when they have "violated a statutory or Constitutional Right" that was "clearly established" at the time of the challenged conduct." Ashcroft v. Al-Kidd, 563 U. S. 731, 735 (2011) (quoting Harlow, 457 U. S. at 818). Accordingly, we must decide whether the Patients' right to a transfer to CPS within a reasonable time following the final decision of the CPS was clearly established at the time of the CAP transfer order and through the time when the State Official transferred the Patients over 2, years later. To be clearly established, a law must provide a sufficient level of particularity to afford a public official "fair and clear warning of what the Constitution requires." City & County of San Francisco v. Sheehan, 575 U. S. 600, 617 (2015) (quoting al-Kidd, 563 U. S. at 746 (Kennedy, J., concurring)). A right is clearly established when "The rights

contoured were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." Plumhoff v. Richard, 572 U. S. 765, 778-79 (2014).

**(19).** Plaintiff allegation claimant states a cause for action demand of Civil Action against the defendants; the court of Appeals suggested that Fifth Circuit Case Law was not relevant because it was not binding precedent on, but only had persuasive value for, a Minnesota State, court. McDaid, 2021 W. L. 3277218, at *3. That analysis is incorrect. The relevant question for the Qualified Immunity, analysis is whether case law, binding on the public Official has clearly established the right that Official is alleged to have violated, not whether it is binding on the court determine whether the public official is entitled to official immunity. More particularly both Texas and Federal courts establish the Constitutional Obligations of Texas, Government Official. The Texas Supreme Court, the Fifth Circuit, and the United States, Supreme Court have all addressed various aspects of the Constitutionality of the T. C. C. O. and Rights of Individuals civilly committed to it. See, e. g., Fisher v. Texas, Fisher v. Texas, 556 F. Supp. 2d 603, 2008 U.S. Dist. LEXIS 61728 (W.D. Tex. 2008). § 2254. State custody; remedies in Federal courts (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Karsjens v. Piper, 845 F. 3d 394, 407-11 (8th Cir. 2017); Linehan v. Minnesota, 522 U. S. 1011 (1997) (vacating our decision and remanding the case to us in light of Kansas v. Hendricks, 521 U. S. 346 (1997)).

**(20).** Plaintiff allegation claimant states a cause for action Civil Action [d]emand seeks, against the defendant acts "under color of state law," by the abusive threats a [D]eclaration of an intention or determination to [i]nflict punishment, loss or [p]ain objectively on other, or to [i]njure another by some **"[w]rongful acts."** 60 F. Supp. 235, 236. A threat may be made by "[m]eans of innuendo" or suggestion as well as by [e]xpress language. 148 F. Supp. 75, 77. Threats may be the basis of [C]riminal or [C]ivil Liability. **See e.g., Model Penal Code §§ 211.3, 222 (1) (b).** Under the Amendment V. that nor shall any person be subject for the same offence to be twice put into [j]eopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, as they do hear at the Texas Civil Commitment Center, by deprivation trying to get you to lie on yourself, nor be deprived of life, liberty, or property, in Civil without due process of law, under color of state law, by [M.T.C.] acts under Official Capacities, deprive acts is doing it at will even if the Plaintiff, Rogers, has placed the actors into court; nor shall private property be taken for public use, without just compensation. **Miranda v. Arizona (1966),** one of the most famous Rulings of the Supreme Court, established a right to silence that combined the ban against self-incrimination of the Fifth Amendment, with the Sixth Amendment's guarantee of the assistance of Counsel. The right to silence, unlike the ban against self- incrimination, extends to any aspect of an interrogation. The corrupt tactic of the Head Administrative Mr. Wayne Smoker; and Head Chief Security Mr. James Winckler, acts within their [n]orm Official Capacities, deprive by personal involvement are responsible for conducts intent by deprive suffering have refused to act, within the means to pay for any of the Plaintiff, Delbert Rogers, property damages, by deprive payments are

still under court, review of property and other that was [s]tolen within the property office. Under the Northern District of Texas within Lubbock, or Dallas, Division the Fifth Amendment, also forbids Double Jeopardy, which prohibits the prosecution of a crime against the same person in the same jurisdiction twice, and prevents the government from taking life, liberty, or property without due process of law, calling it [t]herapeutic treatment which isn't true [p]unitive its criminal activity deprives by continuing to punishments plaintiff, Rogers, again why is that is it continuing to be cover-up?

**(21).** Plaintiff allegation claimant states a cause for action, Civil Action [d]emand seeking of compensatory relief damages, punitive relief damages, against all defendants subjective named, and their Official Capacities, acts under color of state law, due to actions of violation under 42 U. S. C. S. § 1983, deprive of all "[C]hallenging of the Constitutional Rights, that are due under laws, of the United States. Under 42 U. S. C. S. § 1983, Deprive of Human Rights, in Civil Commitment, of the Plaintiff, Rogers, that are rights under 42 U. S. C. S. § 1983, deprive "Due Process Clause of the Fourteenth Amendment," Plaintiff, Rogers, is confined pursuant to an order of Civil Commitment; therefore, he is not considered a **"prisoner"** within the meaning of 28 U. S. C § 1915 (H) and is not subject to the screening procedures of 1915 (A). See Bohannan v. Doe, 527 F. App'x 283, 289-90 (5th Cir. 2013) (per curium) (concluding that a Civil Committed [SVP] was not a **"prisoner"** within the meaning of the **Prison Litigation Reform Act**); Michau v. Charleston Cnty., 434 F. 3d 725 (4th Cir. 2006) same); Allen v. Sieler, No. 4: 12-CV-414-Y, 2013 W. L. 357514, at *1 n. 1 (n.d. Tex.) aff'd 535 F. App'x 423, 423 (5th Cir. 2013) (per curium) (citing Jackson v. Johnson, 475 F. 3d 261, 266 (5th Cir. 2007)) (same). This is a Civil Action authorized by 42 U. S. C. S 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of laws of the United States. The court has jurisdiction under 28 U. S. C. S.1331 and 1343 (a) (3).

**(22).** Plaintiff, allegation states his claimant a cause for action, Civil Action [d]emand that seeks objective compensatory relief damages, punitive relief damages, against all [d]efendants stated "in this form" that have continued these [n]egligence practice of a policy governing the institution of slavery harms, [o]bjective denial of medical assistance on date: 10-8-2022, of threaten as if the plaintiff, Rogers, was meant to be as a [m]igrant subjective like forms cult tactic of living conditions. Under 42 U. S. C. S. § 1983, deprive of Life, Liberty, and property. That there are nasty suffering sufficient abusive harms by all means uncared fore of a do, and; or die by refusing medical after the "[c]hemical riot spray was activity of assault." "[M]edical Department, at the Texas Civil Commitment Center," 2600 South Sunset Ave., Littlefield, Texas 79339; of acts at Northern District of Texas, Lamb County is an appropriate venue under 28 U. S. C. Section 1331 and 1343 (a) (3). Because it is where the "[e]vent giving rise to this claimant occurred on date: **10-6-2022.**" At hand are being violated and ignored under 42 U. S. C. S. § 1983, deprive due process of the Fourteenth Amendment, are acts violation under color of state laws, in their [n]orms of Official Capacities, abusive negligence of grossly suffering chemical gas abusive sufficient, are being covered up as "other humans life as [m]yself "are United States, born [c]itizens continue to die at Texas Civil Commitment Center, and hear aren't being taken care of; or being placed into a wheel chairs over [c]apacities

ignored next to [d]eath controversies life of "[J]urisdiction of the Northern District of Texas," this is a **Civil Action** authorized by 42 U. S. C. Section 1983, to redress the deprivation, under Color of state law, of the rights secured by the Constitution of Laws, of the United States. The court has jurisdiction under 28 U. S. C. Section 1331 and 1343 (a) (3).

**(23).** Plaintiff, allegation states a cause for action, Civil Action demand seeking against Governor Greg Abbott, action within his norm Official Capacities, deprive live, liberty, and property under 42 U. S. C. S. § 1983, violation of Constitutional Rights, and the Fourteenth Amendment, advancement for release very restricted-by years! Testing for Release Inadequate-correct procedure to assure client ready for release is **[F. M. R. I.] scan testing. Will determine if Abnormality still existent! Behavior Abnormality doesn't exist---In** the psychology or psychiatrist community [DSM] [IV] or V.  It's only a legal term created by state legislature. See Commitment of Winkle 362 S. W. 3d (Tex. App. 2010). According to Dr. John Tennison forensic psychiatrist page 249. Also Petriciolet v. State 442 S. W. 3rd 63 ----what constitutions as junk Science! (Tex. App. 2014). See Also Bohannan 379 S. W. 3rd 293 (Tex. App. 2010). The Federal Constitution does not require states to maintain a parole system and does not create a right to parole release. There is no right to due process in release proceedings unless state statutes or regulations create a liberty interest in parole release so why we don't have a release date as were still being treated as a prisoner by the state of your office Governor Greg Abbott, sir?

**(24).** Plaintiff, allegation states a cause for action Civil Action [d]emand seeks against color of state law, Punitive Treatment Material constantly added to prolong commitment in tier stages for completion.

**(25).** Plaintiff, allegation states a cause for action Civil Action [d]emand his first Amendment Rights, and question that are deprive by punitive tactic objective cell searched and resident contents scattered broken or Treated like state Prisoner inmate or No Vending machines or No Regular telephone to contact family---cell- phones should be allowed for all resident's if family provides and pays costs fore. But here the phones are cut-off at times staff or administration failure to misconducts so no can call their families of abusive tactic why is that Governor Mr. Greg Abbott, by your action. Why we are being force into overcapacities due to corruption of **[F]ire Marshals**, getting payed under the [t]able. Now their starting to put extern Bunk beds in the day rooms where everyone eats of what nasty, cooked food is mostly cooked trashed. Why aren't you telling our family that you are putting us and a more punitive harm, way you're [i]llegally forcing us into a more [H]ostile work environment.

**(26).** Plaintiff, allegation states a cause for action Civil Action demand seeks against Texas Civil Commitment Center, Littlefield, Texas Facility is a non-enriched environment because: (1) the facility is a former state prison (2) the cells are very small and house to resident's (3) No window view (4) solid steel locked door (5) mental tables with metal seats (6) entire facility painted prison color (7) free access denied locked doors (8) limited visitation  (9) crowded housing area's (10) no cushioned seating provided nor chairs why is that sir. On date **January 25, 2023** everyone was depriving of due process because the administrative and staff Officials, played the race card by

letting a white male resident that is in SMU living like a king Lock-up. Head Chief of Security Mr. James Winckler, known and knew that the resident had a Walkie talkie radio as well handcuffs. His own personal T. V. a new M.P. 3 Player, and high dollar head phones let alone about four or five SUB cards with [p]orn for months. Get this Mr. James Winkler, acts within his [n]orm wouldn't let any official mass with that cell, or cell search but all staff, wanted to force punish on all the other residents for Mr. James Winckler, action of conduct why is that?

**(27).** Plaintiff, allegation states a cause for action seeks of a "[C]ivil Action demand" due to the acts of violation of Human Rights Due Process under 42 U. S. C. S. § 1983, deprive of human under Fourteenth Amendment, deprivation of life, family, liberty and property. Here are here are "[P]sychologist" names: Fred Gage, 2000-Salk Institute in La Jolla, Ca; Mike Merzenich; Peter Erikson; Gozeborg; Sweden (1998); Edward Tavb; Donald Hebb, 1949, Canadian; J. M. Schwartz; Ann Graybiel; Norman Doidge. Neuroplasticity, on a positive scale, cannot exist-strive in a non-enriched environment! Only negativeness flourisher. Therefore, one's brain cannot be cortically remapped positively, thus, overriding negative thinking, emotions, and acting! Therefore, this can hamper neurogenesis---new neurons arising from stem cells. Because, "Depression affects the stem cells. It makes the Immune System Weak, drying up the bone marrow, which abounds with stem cells." --------this does create a mental and lore physical health problem that can create even death! Living in a [n]on-enrich environment halts positive Cortical remapping and instead creates "more" abnormal behavior/ Because if one keeps people locked away in a bad negative environment, all you are creating and producing is abnormal people/ An "enriched environment" causes-creates-behavioral improvement-better thinking, learning and behavior that will cortically remap the individual brain thus creating change for the better!

**(28). WHEREFORE, PREMISES CONSIDERED HEREIN,** Plaintiff, allegation claimant states a cause for action, Civil Action [d]emand seeks for [c]ompensatory relief damages, [p]unitive relief damages, against the actions of each **"DEFENDANTS" acts under color of state law:** Governor Greg Abbott, acts within his [n]orm Official Capacities, over the "[O]perations of Texas, Home Land Security, [o]bjective and violation of Due Process Clause of the Fourteenth Amendment, Under 42 U. S. C. S. § 1983, Deprive of Human Life, by using abusive corrupt tactic of continuing punitive state confinements under, by the Headquartered from the "[S]tate of Utah" that isn't citizens of Texas, over "[M]anagement Training Corporation," 500 N. Market Place Dr. Centerville, UT 84014. Failure to train facilities employs named: Mr. Wayne Smoker; Mr. James Powell; Mr. Zachary Saldivar; Mr. Stetson Fisher; staff officers Ms. Adrain Sanchez; Ms. Annabelle Viurquez; Ms. Krista Lopez; and against Head of [M.T.C.] Medical Department, Ms. Tiffany Graves, [o]bjective acts of punitive negligence and abusive within their [n]orm Official Capacities, deprive under Color of State Law. Plaintiff, respectfully prays the court will **Grant** his **Civil Rights,** that weakening of grossly negligence of [o]fficials conduct, turns [c]riminal in ability to [o]bjective by using abusive tactic against residents due to suffering sufficient harms, of "[a]ggravated assaults" of [c]hemical agency riot gas [a]gainst the Plaintiff, ROGERS, assert, prays that "[a]ll relief" asked for and entitle, to be here **granted** due to "**[H]EALTH AND SAFETY,**" of the Plaintiff, Rogers, that was being **"[I]GNORING OF FORCE PUNITIVE, CONDITIONS**

OF ONES SAFETY" by medical refuse to **WORK IN** condition after conducts personal involvements **OF STAFF "[I]N CUSTODY LACKING OF MISCONDUCT, FORCE OF ENJOYMENTS OF ASSAULT PLAINTIFF, ROGERS, ADDS TO THE SETTLEMENT SUM $ 150.000, DOLLARS** in Compensatory relief damages, in Punitive relief damages, that Plaintiff, Delbert Glenn Rogers, is asking for under Duress Compensatory Relief Damages, Punitive Relief Damages, under Mental Anguish see. 22, Am J. 2d Damage § 195, that isn't **"WITHIN ANY"** of any therapeutic treatment, **"AGREEMENT"** but forms of acts under color of state law, due to punitive threats and treatment to be punish [o]bjective **that are being ignored**." Plaintiff, allegation Claimant States a cause for action seeks under **§ 702.** Right of review. "**A [p]erson suffering legal wrong because of agency action,"** or adversely affected **or aggrieved by [a]gency action within the meaning of a relevant statute, is entitled to judicial review thereof.** An action in a court of the United States, seeking relief other than money damages and stating a claim that an agency **or** an officer **or** [employee thereof acted] **or   objective [failed to act in an official capacity] or [under "color of legal authority shall not be dismissed nor relief" therein be denied on the ground that it is against the United States or** that the United States is an indispensable party.]" **The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, that any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.** Nothing herein (1) **affects other limitations on judicial review or the power or duty of the court to dismiss any action; or deny relief on any other appropriate legal or equitable ground; or** (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought. HISTORY: **Sept. 6, 1966, P. L. 89-554, § 1, 80 Stat. 392; Oct. 21, 1976, P. L. 94-574, § 1, 90 Stat. 2721. Who is struggling under extreme duress while taken [a]ffirmative action on his own behalf, without representation. The rights of our system, developed to safeguard men from "[d]ubious and unjust judgments,"** with resulting forfeitures of life, liberty and property, Davis v. United States, supra, at 488, 40 L. Ed. At 506, states that the requirements are **"[i]mplicit, in constitutions pertaining to Civil Law,"** remain fairly established which recognizes the fundamental principles that are deemed essential for the [p]rotection, of life and liberty. Due Process, requires strict adherence neither to compulsory process, as no state shall make nor enforce laws that aren't repugnant nor in contravention of the law. Defendants' action was designed to oppress, punish, humiliated, and **to [o]bjective** retaliate, all conduct was without legal authority and abusive against the Plaintiff, Rogers, and complaints being filed within court.

**(29).** Plaintiff, allegation claimant states a cause for action [d]emand Civil Action against all defendants in this suit of Justice is the Highest of all virtues. An avidity to punish is always dangerous to Liberty. It leads men to stretch, to "Misinterpret, and to misapply even the intent of the best of Laws. Liberty-The Right of an individual to be free from Physical restraint-is a fundamental right. Laws in Derogation of Liberty must be narrowly tailored to further a compelling and legitimate government interest, and must be strictly construed, in order to comply with the requirements of substantive Due Process. To prolong a civil commitment where the examiners, and treatment provider opine that the individual is not sexually dangerous violates Due Process.

Respectfully Submitted

*Delbert Glenn Rogers*

Delbert Glenn Rogers, Pro-Se #02634254

Texas Civil Commitment Center

2600 South Sunset Ave.,

Littlefield, Texas 79339.

## Unsworn Declaration

I, Delbert Glenn Rogers, declare under penalty of perjury that the forgoing instruments true and correct.

Executed on this 21 day of FEBRUARY, 2023.

RESPECTFULLY SUBMITTED

*Delbert Glenn Rogers*

Delbert Glenn Rogers, Pro-Se 02634254

Texas Civil Commitment Center

2600 South Sunset Ave.,

Littlefield, Texas 79339.

## Certification of Service

This is a certify that a true correct copy of the instrument: Memorandum of Laws has been forwarded to the United States District Court Western District of Texas. U. S. District Clerk's Office 501 West Fifth Street Suite 1100 Austin, Texas 78701.


Executed on _21_, day of _FEBRUARY_____,2023.

**Respectfully Submitted**

*Delbert Glenn Rogers*

**Delbert Glenn Rogers, Pro-Se 02634254**

**Texas Civil Commitment Center**

**2600 South Sunset Ave.,**

**Littlefield, Texas 79339.**

IN THE UNITED STATES DISTRICT COURT

FOR WESTERN DISTRICT OF TEXAS

AUSTIN, DIVISION

Delbert Glenn rogers, Pro-se #02634254

Plaintiff,

Civil Action Complaint

No: 1: 23-CV-00234-LY-ML

EXHIBITS

V.

Wayne Smoker, et al

Defendants.

---

## EXHIBITS

---

**EXHIBIT: (1)** sick-call that was submitted on date: **10-8-2022**, after the plaintiff, Rogers, was refused on date: **10-6-2022.** When the control picket officer Ms. Weaver, told me to go to medical when the administrative wouldn't acts under color of state law mere semblance of legal right. 202 N. W. 144, 148. An action done under color of state law is one done with the apparent authority of law but actually in contravention of law.

**EXHIBIT: (2).** Step 1, Grievance dated: **10-10-2022**, **and** Grievance Number **G V -22-10-21**, sign on date: **10-13-2022.**

**EXHIBIT: (3).** Step where they refused to answer back and stated that I had already did the step one.

**EXHIBIT: (4).** Plaintiff, Rogers, sent a communication form **CM 22-10-272**, to the Administration assistance Mr. James Powell, asking him why did they violated policy that used chemical agent riot gas by trying to informal resolution on date: **10-9-2022.**

**EXHIBIT: (5).** Court Document to small claim court cause no. **SC-22-0034-J. P. 3**, the plaintiff, Rogers, had copies of attempted filing that the court filed Dec 20, 2022, response but the Plaintiff, is sending five pages.

**EXHIBIT: (6).** The death of individuals that at most was denied of the lacking due to medical treatment or the medical department taken their med's from them with cause and denial lacking to continue any treatments that most bend on for years, before any of them came to this punitive treatment prison tactic.

**Exhibit: (7).** Plaintiff, statement of the case was noted pages' exhibits: **1, 2,** and **3**.

**Exhibit: (8). B. Relationship to and Application of Other Laws-----**

**1. In General 5. Generally**

 In cases where plaintiff states constitutional claim under 42 USCS § 1983 against city official, that statute is exclusive remedy for alleged constitutional violations, since allowing separate independent constitutional claim under 28 USCS § 1331 would run contrary to Supreme Court mandate instructing federal courts to adopt one statute of limitations in each state for all claims brought under 42 USCS § 1983. Thomas v. Shirka, 818 F.2d 496 (6th Cir. 1987), on reh'g, 829 F.2d 570 (6th Cir. 1987), vacated, remanded, 872 F.2d 772 (6th Cir. 1989).

**EXHIBIT: (9).** Corruption tactic within government office, where they tried to get Ms. Christy Jack, to use her skills of corruption to help mass over residents of civil commitment. Also within the Government Board of Texas Civil Commitment Office, to objective "[O]bstruct Justice."

**EXHIBIT: (10).** Plaintiff, allegation states his claimant cause for action demand, seeks by the intentional deception resulting in injury to another. Elements misrepresentation made by one who either knows it is falsity or is ignorant of its truth; the maker's intent that the representation be relied on by the person and in a manner reasonably contemplated; the person's ignorance of falsity of the representation; the person's rightful or justified reliance; and proximate injury to the person. See, 310 F. 2d 262, 267. S. B. No. 1179.  **by: Mr. Perry, A BILL TO BE ENTITLED AN ACT. PAGE 13**. of **[P]aragraph 9**, of punitive chemical **"SPRAY"** responds as evidence against client resident, that most of us hear are clients and notice of not inmates, the hold document file of **19**, pages, front and back in facts are very punitive corruption.

Date: _3-12-2023_

**Respectfully Submitted**

_Delbert Glenn Rogers_

Delbert Glenn Rogers, Pro-Se #02634254

Texas Civil Commitment Center

2600 South Sunset Ave.,

Littlefield, Texas 79339.

RECEIVED

MAR 17 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

DELBERT G. ROGERS, PRO-SE #02634254

TEXAS CIVIL COMMITMENT CENTER

2600 SOUTH SUNSET AVE.,

LITTLEFIELD, TEXAS 79339

March 11, 2023

United States District Court

Western District of Texas

501 West 5th Street, Ste. 1100

Austin, Texas 78701

RE; to **Case No. 1: 23-CV-00234-LY-ML;** (Rogers v. Abbott, et al).

Dear. Deputy Clerk/ RN

(1). Please find that the documents of the Plaintiff, Delbert G. Rogers, that there are copies of the Plaintiff, filing one is for a return [s]tamp face copy, of notice and the other for the court.

(2). And one copies of **Exhibits** of "chemical riot spray and other action that by: **Mr. Perry, S. B. No. 1179, acts of a Bill** to be Entitled an Act, against resident's clients as punitive action demand that aren't Therapeutic circumlum Treatment, of past law due to Litigation placed into Law **March 1, 2019**, and Texas Civil Commitment Office, came to Texas Civil Commitment Center, on dates: **8-18-2019**, and **8-19-2019**, in the visitation room and showed us the "Rules and Guidelines in this Policy. But in part of the Plaintiff, Civil Action Complaint, deprive rights of this **"Exhibits"** are already punitive stated resident are force by [T. C. C. O.] to be sat back and not to "move up into tier treatment program" ignoring therapist notice sign hand writing. By placing their self's as a none {L}icense therapist and violation of any court order as being held due to "lacking back for now known reason. Adding Offense Code under Section 30.02, Penal Code**, of the offense is punishable under Subsection (d) that is under Sec. 841.0838. Use of Restraints.  (A) due to Mechanical [or chemical] restraints that: all **Paragraphs 9**, page **13**, are punitive tactic against on "(any client hinder process,) that's deprive of Constitutional Rights, violation under Due Process Clause of the Fourteenth Amendment, Deprive by "[S]tate enjoys wide latitude in developing treatment regimens for civilly committed sex offenders, and liability on claim of due process deprivation may be imposed only when decision by professional is such substantial departure from accepted professional judgment, practice, or standards as to demonstrate that person responsible actually did not base decision on such judgment. U. S. C. A. Const. Amend. 14."

**Respectfully Submitted**

Delbert G. Rogers, Pro-Se #02634254

Texas Civil Commitment Center

2600 South Sunset Ave.,

Littlefield, Texas 79339.

INDIGENT

$2.94 Q
US POSTAGE
FIRST-CLASS
062S0014950484
79339

S87657.149

SCREENED BY CSO

MAR 17 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
UNITED STATES COURTHOUSE
501. W. 5TH STREET, SUITE 116
AUSTIN, TEXAS 78701

SEIBERT G. ROGERS #02635C854
T.C.C.
0600 SOUTH SUNSET AVE.,
LITTLEFIELD, TEXAS 79339

MAILED
3/17/43